### BAIRD v. GLEASON. *
#### No. 9222.

Circuit Court of Appeals, Eighth Circuit.
Nov. 17, 1931.

*Rehearing denied January 11, 1932.

W. A. Leach, of Stuttgart, Ark., for appellant.

O. M. Young, of Little Rock, Ark., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SANBORN, District Judge.

STONE, Circuit Judge.

Appellant (plaintiff below) is the trustee in bankruptcy of the Arkansas Rice Growers' Co-operative Association, an incorporated co-operative marketing association formed by rice growers in Arkansas under acts of the General Assembly of that state. Prange Brothers Company was a member of this association. Appellee Gleason was the holder of mortgages on the rice crops of Prange Brothers Company. During the years 1925 and 1926, Prange Brothers produced a large quantity of rice which was marketed through the association and which was included in the mortgages held by appellee. At the time of the various deliveries of this rice to the association by Prange Brothers, the association advanced to them and paid to appellee, as mortgagee, a percentage of the estimated market value of the rice so delivered. Subsequently, similar advances and payment were made upon like estimates. Thereafter, when the association had marketed this and other rice with which it was commingled and had determined definitely the payments due on account of this rice, it was ascertained that for the year 1925 the association had overpaid appellee on account of this rice and through the above advances to the extent of $19,679.62, and on the crop of 1926 yet owed the grower and mortgagee $4,049.94, making a net overpayment through the advances to appellee of $15,629.68. The trustee filed this suit in the state court against appellee for the above balance. The cause was removed to the federal court and after hearing on the merits judgment was entered for the appellee. This appeal is from that judgment.

There is no conflict in the evidence concerning the following facts: At the time appellee took the mortgages upon this rice he knew that Prange Brothers Company was a member of the association; it was with his full consent that Prange Brothers delivered this rice to the association for marketing; at the time the payments were made to the appellee he knew they were in the nature of

advances upon the estimated market value of this rice. There seems no dispute as to the amount of overpayment. The contract between the association and its members (including Prange Brothers Company) provided that the member should sell and deliver and the association should buy all of the rice produced or acquired by the member in Arkansas during the years in question; that the association would pool or mingle the rice of each member with rice of a like variety, grade, and quality from other members; that each such pool should be for a full season; that the association would resell the rice in each pool at the best prices obtainable under market conditions; that it would pay over to each member his proportion (gauged by deliveries to each pool) of the net amount received for each pool, representing the sale price with certain deductions provided for in the contract; that the grower might place a crop mortgage upon such rice and the association would make payments thereon for the account of the member.

Both parties argued here at length the matter of priority as between the marketing agreement with the member and the mortgages on the crops. A determination of this appeal, under the above facts, does not require the solution of such problem. The situation here is not that of a mortgagee who did not know of this marketing arrangement at the time he took his mortgage and who is striving to enforce the terms of his mortgage in opposition to the requirements and obligation of the membership contract. The situation here is that the mortgagee knew that there was a marketing arrangement between the association and his mortgagor and actively consented to this rice being so marketed. By such action, the mortgagee cannot take the advantages or the opportunity for advantages and use the services of the association for the marketing of this rice except in accordance with the contract between the member and the association, since no variation of that contract as to this rice and mortgagee is claimed or shown. In this situation, the mortgagee was, as to the association and its transactions respecting this rice, exactly in the shoes of the mortgagor member. Its rights were no greater and no less. Under the membership contract the right of Prange Brothers Company was to the above net price realized by the association for this rice. To that extent the mortgagee might enforce its claims against the association, and on the other hand, that extent measured the entire obligation in that respect of the association to the mortgagee. In the nature of things, there could be no definite ascertainment of the amount due Prange Brothers Company until the close of the pools in which it had rice by the sale thereof and the determination of the allowable deductions and the net to be divided among the participants in those pools. Any payments made before that time must, in the nature of things and legally, be mere estimates and subject to the right of the association to recover any amount so advanced beyond the amount ultimately determined to be due the member for the particular rice. When the mortgagee took these advances, he took them burdened with that condition whether he knew the nature of them or whether he did not, because there is no element of estoppel preventing the association from showing the actual arrangement of marketing under which this rice was handled by it and because the mortgagee is and must be bound by its terms in so far as the amount of proceeds due his mortgagor is concerned. If there had been no mortgage, Prange Brothers Company would certainly have been liable to return these overpayments and this mortgagee cannot possibly be in any better situation in that regard. To hold otherwise would permit this mortgagee to knowingly and actively avail himself of the services of the association under its contract with the mortgagor and then to retain a greater sum than was realized by the association for the rice covered by the mortgage. If there is no other legal basis for the recovery of these overpayments, there is a very sound one in the doctrine of money had and received, for there have certainly been payments here which the mortgagee has no right in justice to retain and which represent money belonging to the association and its members other than Prange Brothers Company. This petition is, in essence, an action of that character.

In the above view of this case, it makes no difference whether the contract of membership in the association entirely governs a subsequent chattel mortgage or whether it has no effect thereon.

The judgment should be and is reversed, and the case remanded for a new trial.